# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**STEVEN DIONNE SCOTT,**

 Plaintiff,

 v.           Case No. 18-CV-312

**GARY ANKARLO,** *et al.***,**

 Defendants.

## ORDER

Steven Dionne Scott is Wisconsin state prisoner representing himself in this 42 U.S.C. § 1983 action. The case is before me on referral for pretrial management from the Honorable Lynn Adelman. Presently before me are Scott's motions for reconsideration, for default, and for a *Pavey* hearing.

 *1. Motion for Reconsideration*

Previously, Magistrate Judge David E. Jones, who was then assigned to this case on referral, denied Scott's motions to appoint counsel, explaining that Scott's health concerns were able to be addressed with deadline extensions without the need to appoint counsel. Scott moves for reconsideration of this decision which I will construe as a renewed motion to appoint counsel. In his renewed motion, Scott states that his cognitive function was severely impaired, enough that he could barely write.

As Judge Jones previously explained, I have the discretion to recruit counsel for individuals unable to afford an attorney. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir.

2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In deciding whether to recruit *pro bono* counsel, I must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish et al.*, 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first prong, I must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority*, 930 F.3d 869, 871 (7th Cir. 2019).

When considering the second prong, I "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell*, 923 F.3d at 490. I look at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. I "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491.

Judge Jones has already found that Scott tried to find an attorney on his own, so all that remains is the question of whether Scott can no longer represent himself. I find that he

can—and that he has. Before filing his motion to appoint counsel, Scott filed his own motion for summary judgment. Since filing his renewed motion to appoint counsel, Scott has properly responded to the defendants' motion for summary judgment. In those filings, Scott was able to explain his case and explain why he believes he is entitled to relief. He has demonstrated a grasp of the law, including the law surrounding statutes of limitation, exhaustion, and the substance of his claims. For these reasons, I am denying Scott's motion for reconsideration, which I construed as a motion to appoint counsel.

2. *Motion for Default*

Scott also filed a motion for default, arguing that the defendants failed to meet the November 8, 2019 deadline for filing dispositive motions. He wrote that motion on November 11, 2019. I am certain that he was not yet in receipt of the defendants' summary judgment filings when he wrote it, but the defendants did file their motion for summary judgment and all supporting materials on November 8, 2019. Therefore, default would not be appropriate as they complied with court order. Accordingly, Scott's motion for default is denied.

3. *Motion for Pavey Hearing*

Scott also filed a motion for a *Pavey*[1] hearing. One of the grounds upon which the defendants are seeking summary judgment is exhaustion. When exhaustion is contested, court sometimes need to conduct evidentiary hearings to determine whether a prisoner exhausted his administrative remedies. However, whether to have a hearing is not decided based on a party's motion. Rather, if a court finds that there are issues with respect to

---

[1] *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

exhaustion that need further development, the court will order that such a hearing take place. Accordingly, Scott's free-standing motion for a *Pavey* hearing is denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Scott's motion for reconsideration, which I construed as a renewed motion to appoint counsel (Docket # 34), is **DENIED**.

**IT IS FURTHER ORDERED** that Scott's motion for default judgment (Docket # 42) is **DENIED**.

**IT IS ALSO ORDERED** that Scott's motion for a *Pavey* hearing (Docket # 43) is **DENIED**.

Dated at Milwaukee, Wisconsin this 11th day of February, 2020.

BY THE COURT:

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge